Filed 6/19/13  P. v. Monroe CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>KEVIN MAURICE MONROE,<br><br>    Defendant and Appellant. | C072448<br><br>(Super. Ct. Nos. 11F02967, 11F03498, 11F04235 & 12F00341) |

Appointed counsel for defendant Kevin Maurice Monroe asked this court to review the record to determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment.

1

In consolidated cases,[1] defendant pleaded no contest to first degree burglary (Pen. Code, § 459 -- counts three and six) and receiving stolen property (Pen. Code, § 496, subd. (a) -- count five).  He also admitted allegations of a prior strike and prior serious felony convictions.

The prosecutor stated the factual basis for the plea, without dispute from defense counsel, as follows:  As to count three, on or around April 14 and 15, 2011, defendant committed a first degree residential burglary at the inhabited home of Jorge L.  As to count five, on April 19, 2011, defendant knowingly received stolen property, a watch belonging to Jack N.  As to count six, on April 24, 2011, defendant committed a first degree residential burglary at the inhabited home of Rachel V.  Regarding the prior convictions, on May 2, 2002, defendant was convicted of robbery in Sacramento County.  And on June 28, 2006, defendant was convicted of first degree burglary in Sacramento County.

Consistent with the plea agreement and the recommendation in the probation report, the trial court sentenced defendant to 26 years in state prison consisting of 12 years (the upper term doubled) on count three; one year four months consecutive (one-third the middle term doubled) on count five; two years and eight months (one-third the middle term doubled) on count six; and five years consecutive for each of the two prior serious felony convictions.  The trial court dismissed the remaining counts with *Harvey*[2] waivers in the interest of justice.  The trial court awarded defendant 781 days of presentence custody credit (521 actual days and 260 conduct days), and ordered

---

[1]  The trial court granted motions to consolidate case Nos. 11F02967, 11F03498, 11F04235 and 12F00341.

[2]  *People v. Harvey* (1979) 25 Cal.3d 754.

defendant to pay a $5,200 restitution fine (Pen. Code, § 1202.4, subd. (b)), a $5,200 parole revocation fine (Pen. Code, § 1202.45), a $120 court operations assessment (Pen. Code, § 1465.8), and a $90 conviction assessment (Gov. Code, § 70373). The trial court also ordered victim restitution in an amount to be determined.

II

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra,* 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief. More than 30 days elapsed and we received no communication from defendant.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.


                                                            MAURO                   , J.


We concur:


          BLEASE             , Acting P. J.


          NICHOLSON        , J.


3